[No. 72435-1.   En Banc.]
Argued January 22, 2003.     Decided September 11, 2003.

THE STATE OF WASHINGTON, *Respondent*, v. PETER H. MOEN, *Petitioner*.

*Paul B. Mack*, for petitioner.

*Steven J. Tucker, Prosecuting Attorney*, and *Kevin M. Korsmo* and *Andrew J. Metts III, Deputies*, for respondent.

MADSEN, J. — This case involves the Spokane County Prosecutor's informal policy of refusing to plea bargain with a criminal defendant who has successfully compelled disclosure of a confidential informant's identity in a civil forfeiture proceeding. Prior to trial, Peter H. Moen moved for dismissal under CrR 8.3(b), claiming the State's policy of refusing to plea bargain violated his right to due process because it chilled his right to discovery in a civil case. The trial court denied the motion and the Court of Appeals affirmed. We hold that the trial court properly refused to dismiss this prosecution and affirm the courts below.

## FACTS

In January 2000, the Spokane Police Department successfully set up a controlled buy of marijuana using a confidential informant. As a result, officers obtained a warrant and arrested Moen a few days later. They also seized baggies of green vegetable matter, a GTE pager, $57 in cash, pills, a cellular phone, and Moen's 2000 Ford Taurus.

Pursuant to RCW 69.50.505, the Spokane Police Department notified Moen that it intended to forfeit the items seized. Moen filed a claim for the return of his property under RCW 69.50.505(e), and requested a hearing to contest the forfeiture. Moen's counsel sought the name of the confidential informant and was informed that if he insisted on learning the name, the prosecutor's office "would not engage in plea negotiations involving a potential reduction or dismissal of any felony charge" related to the civil forfeiture. Clerk's Papers at 31, 48. Counsel successfully compelled the informant's name.

Several months later, Moen was charged with two counts of delivery of a controlled substance and one count of possession of a controlled substance with intent to deliver. Moen brought a CrR 8.3(b) motion to dismiss, arguing that application of the "no plea bargain" policy constituted arbitrary action or governmental misconduct that prejudiced his right to a fair trial. The trial court agreed with Moen that the policy was "arbitrary" and violated the holding and underlying rationale of *MacDonald v. Musick*, 425 F.2d 373 (9th Cir. 1970). Def.'s Findings of Fact, Conclusions of Law & Order Denying Mots. to Dismiss at 6 (Mar. 30, 2001). *See* Report of Proceedings at 7. However, the trial court denied the motion because Moen failed to establish prejudice as required under the rule.

Following a bench trial Moen was found guilty on all three counts and sentenced to 43 months on each count, to be served concurrently. Forty-three months is the low end of the sentencing range for Moen's crime, offender score, and seriousness level.[1]

Moen appealed and the Court of Appeals affirmed the trial court. *State v. Moen*, 110 Wn. App. 125, 38 P.3d 1049 (2002).

We granted review.

## ANALYSIS

Moen contends that the State's policy of refusing to plea bargain with a criminal defendant who successfully compels disclosure of the State's confidential informant in a civil forfeiture action chills his right to obtain discovery in the civil case and thus violates due process. Accordingly, he argues that the trial court abused its discretion when it denied his motion to dismiss under CrR 8.3(b).

---

[1] The "no plea bargain" policy at issue is an unwritten policy, followed by some attorneys within the Spokane County prosecutor's office. Ex. 2 (Ct. of App. Feb. 13, 2002) (letter from Steven Tucker). The policy forecloses a reduction or dismissal of charges but does not impact other negotiations such as sentencing recommendations. Clerk's Papers at 31 (affidavit of Grasso). In this case the parties negotiated a recommendation for the low end of the presumptive sentencing range. *Id.*

■■ Under CrR 8.3(b),

[t]he court, in the furtherance of justice . . . may dismiss any criminal prosecution due to arbitrary action or governmental misconduct when there has been prejudice to the rights of the accused which materially affect the accused's right to a fair trial.

It is well established that CrR 8.3(b) is designed to protect against arbitrary action or governmental misconduct. *State v. Starrish*, 86 Wn.2d 200, 544 P.2d 1 (1975); *State v. Michielli*, 132 Wn.2d 229, 240, 937 P.2d 587 (1997). A dismissal under CrR 8.3(b) may be justified where the State's misconduct violates the defendant's right to due process. *Starrish*, 86 Wn.2d at 206 n.9; *State v. Cantrell*, 111 Wn.2d 385, 389, 758 P.2d 1 (1988); *State v. Blackwell*, 120 Wn.2d 822, 831, 845 P.2d 1017 (1993). However, the due process clause does not permit a court to abort criminal prosecution simply because it disagrees with a prosecutor's judgment. *Cantrell*, 111 Wn.2d at 389; *see State v. Dixon*, 114 Wn.2d 857, 863, 792 P.2d 137 (1990); *State v. Lewis*, 115 Wn.2d 294, 298, 797 P.2d 1141 (1990). The court's role is not to define due process in line with " 'personal and private notions' " of fairness but rather to determine whether the State's conduct violates " 'fundamental conceptions of justice which lie at the base of our civil and political institutions.' " *Cantrell*, 111 Wn.2d at 389 (quoting *United States v. Lovasco*, 431 U.S. 783, 790, 97 S. Ct. 2044, 52 L. Ed. 2d 752 (1977)).

■ ■ Dismissal under this rule is an extraordinary remedy and is improper absent material prejudice to the rights of the accused. *Blackwell*, 120 Wn.2d at 830; *City of Seattle v. Orwick*, 113 Wn.2d 823, 832, 784 P.2d 161 (1989); *State v. Wilson*, 149 Wn.2d 1, 9, 65 P.3d 657 (2003). A trial court's decision on a motion to dismiss under the rule is reviewed for manifest abuse of discretion. *Michielli*, 132 Wn.2d at 240.

The State argues that the trial court properly denied Moen's motion to dismiss because the State is not obligated to enter into plea negotiations and may decline to do so in

its discretion. *See, e.g., State v. Manussier*, 129 Wn.2d 652, 681 n.118, 921 P.2d 473 (1996); *Weatherford v. Bursey*, 429 U.S. 545, 561, 97 S. Ct. 837, 51 L. Ed. 2d 30 (1977) ("the prosecutor need not [plea bargain] if he prefers to go to trial"; "[i]t is a novel argument that constitutional rights are infringed by trying the defendant rather than accepting his plea of guilty"); *see also* RPC 3.8. Therefore, the State argues, its "no plea bargain" policy does not violate a defendant's fundamental right to due process.

■■ As the State notes, prosecutors have broad discretion whether to charge a crime or enter into plea bargaining. *Michielli*, 132 Wn.2d at 245; ABA Standards for Criminal Justice: Prosecution Function and the Defense Function 3-39, at 70-78 (3d ed. 1993); Teah R. Lupton, *Prosecutorial Discretion*, 90 Geo. L.J. 1279, 1280 n.637 (2002) (collecting cases). However that discretion is not "unfettered"; the State's discretionary authority may not be exercised in a manner that constitutes a violation of due process rights. *Wayte v. United States*, 470 U.S. 598, 608, 105 S. Ct. 1524, 84 L. Ed. 2d 547 (1985). For example, if the prosecutor enters a plea bargain, there is a good faith obligation not to undercut the terms of the plea agreement, either explicitly or by conduct designed to circumvent the agreement. *State v. Sledge*, 133 Wn.2d 828, 841, 947 P.2d 1199 (1997); *see Santobello v. New York*, 404 U.S. 257, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971) (due process requires state to honor terms of plea agreement); *Badgett v. Sec. State Bank*, 116 Wn.2d 563, 807 P.2d 356 (1991) (same). Additionally, a prosecutor is precluded from engaging in selective enforcement to avoid the substantive goals of the fourteenth amendment to the United States Constitution. *See State v. Alonzo*, 45 Wn. App. 256, 723 P.2d 1211 (1986). Thus, a prosecutor may not file charges based merely on vindictiveness, even if the charges are otherwise warranted, nor may a prosecutor threaten or file charges solely to gain advantage in a civil proceeding. *Blackledge v. Perry*, 417 U.S. 21, 94 S. Ct. 2098, 40 L. Ed. 2d 628 (1974); *United States v. DeMarco*, 550 F.2d 1224, 1227 (9th Cir. 1977); *MacDonald*, 425 F.2d at 375.

Moen acknowledges that, in general, a prosecutor's decision to engage in plea bargaining is discretionary. However, like the prosecutor's conduct in *MacDonald*, Moen contends that the State's "no plea bargain" policy in this case violates due process. In *MacDonald*, the prosecutor offered to dismiss a charge of driving under the influence (DUI) if the defendant would stipulate to probable cause for his arrest, precluding a civil rights claim. When the defendant declined to stipulate, the prosecutor withdrew his motion to dismiss the pending DUI charge and moved to add an additional charge of resisting arrest. *MacDonald*, 425 F.2d at 374-75. The prosecutor candidly acknowledged that the case against the defendant was weak and that the only reason he sought the stipulation was to block a likely future civil rights claim based on the defendant's allegation that the police beat him during the arrest. *Id.* at 375. The defendant was subsequently acquitted of the DUI charge but convicted of resisting arrest. The Ninth Circuit granted habeas relief, ruling:

> It is no part of the proper duty of a prosecutor to use a criminal prosecution to forestall a civil proceeding by the defendant against policemen, even where the civil case arises from the events that are also the basis for the criminal charge. We do not mean that the prosecutor cannot present such a criminal charge. What he cannot do is condition a voluntary dismissal of a charge upon a stipulation by the defendant that is designed to forestall the latter's civil case. . . . Nor can the prosecutor, because of failure to obtain the demanded stipulation, then introduce another charge in the hope of defeating the possible civil action of the defendant.

*MacDonald*, 425 F.2d at 375; *see also* 4 WAYNE R. LAFAVE, JEROLD H. ISRAEL & NANCY J. KING, CRIMINAL PROCEDURE 13.5(a) (2d ed. 2003).

■ As in *MacDonald*, Moen argues that the prosecutor's policy here chilled his right to discovery in the civil forfeiture case, thus violating his right to due process of law. He contends that in order to defend in the civil forfeiture proceeding, it was necessary to learn the confidential infor-

mant's identity. He argues the prosecutor's policy required him to forgo his constitutional and rule-based right to discovery in the forfeiture case in order to secure an opportunity to plea bargain in his criminal case. CONST. art. I, § 22; CrR 4.7. This conduct, he claims, is forbidden by *MacDonald*.

We are not persuaded. Initially, there are several important distinctions between this case and *MacDonald*. In *MacDonald*, the court had to decide whether a prosecutor misused his discretionary authority to initiate or dismiss charges when he required the defendant to forgo civil rights claims in exchange for dismissal of criminal charges. Such conduct implicates the core values of the due process clause as well as long-standing ethical rules discouraging the practice. In reaching its decision to dismiss, the *MacDonald* court noted the professional responsibility rule that provides, " '[a] lawyer shall not present, participate in presenting, or threaten to present criminal charges solely to obtain an advantage in a civil matter.' " *MacDonald*, 425 F.2d at 376 (quoting ABA CODE OF PROFESSIONAL RESPONSIBILITY, DR 7-105 (1969)).[2]

The conduct condemned in *MacDonald* is simply not present in this case. Here, the city of Spokane, not the State, initiated the civil forfeiture action. The State was not involved in the civil proceeding and was not in a position to bargain with Moen in regard to that claim. The city of Spokane, not the State, stood to gain through the civil proceeding. Thus, unlike the situation in *MacDonald*, the

[2] It is also noteworthy that since *MacDonald* was decided, the ABA has expressed cautious approval of the practice of seeking a release of civil liability from a defendant, under court supervision. "The prosecutor shall not condition a dismissal of charges, nolle prosequi, or similar action on the accused's relinquishment of the right to seek civil redress unless the accused agreed to the action knowingly and intelligently, freely and voluntarily, and where such waiver is approved by the court." ABA STANDARDS FOR CRIMINAL JUSTICE: PROSECUTION FUNCTION AND THE DEFENSE FUNCTION 3-3.9(g), 70-78 (3d ed. 1993). Similarly, under federal law, an agreement to dismiss charges based on an agreement not to sue is not per se void as against public policy, but must be reviewed on a case by case basis to test if it passes muster. *Town of Newton v. Rumery*, 480 U.S. 386, 395, 107 S. Ct. 1187, 94 L. Ed. 2d 405 (1987).

prosecutor's policy here is not motivated by a desire to gain an advantage in a civil action.

Additionally, the refusal to engage in plea bargaining is qualitatively different from the threat to file charges in *MacDonald*. A plea bargain is a contract, *State v. Mollichi*, 132 Wn.2d 80, 91, 936 P.2d 408 (1997), and both sides to the agreement must perceive an advantage to entering the bargain. From the State's perspective, its "no bargain policy" serves as a disincentive to defendants considering whether to compel disclosure of confidential informants.

Unquestionably, the State has a legitimate interest in protecting confidential informants. *State v. Casal*, 103 Wn.2d 812, 815, 699 P.2d 1234 (1985); *see also Roviaro v. United States*, 353 U.S. 53, 77 S. Ct. 623, 1 L. Ed. 2d 639 (1957) (acknowledging the importance of both criminal discovery and confidential informants and setting forth procedures for protecting both). The importance of an informant's identity is highlighted by the fact that it is protected by rule:

**Matters Not Subject to Disclosure**

. . . .

(2) *Informants*. Disclosure of an informant's identity shall not be required where the informant's identity is a prosecution secret and a failure to disclose will not infringe upon the constitutional rights of the defendant.

CrR 4.7(f)(2). When the State is compelled to disclose an informant's identity, it loses a valuable asset or tool of law enforcement. Under the policy, the State gains protection of its informants and, in exchange, the defendant receives the opportunity to bargain for a reduction or dismissal of charges.

We recognize that the prosecutor's policy requires the defendant to forgo his right to request disclosure of an informant's identity. However, a condition insisted on by the State that requires a defendant to give up a constitutional right does not, by itself, violate due process. "Agreements to forgo seeking an exceptional sentence, to decline

prosecuting all offenses, to pay restitution on uncharged crimes, and to waive the right to appeal are all permissible components of valid plea agreements." *State v. Lee*, 132 Wn.2d 498, 506, 939 P.2d 1223 (1997); *see State v. Perkins*, 108 Wn.2d 212, 737 P.2d 250 (1987). The theoretical basis for all plea bargaining is that defendants will agree to waive their constitutional rights. *Perkins*, 108 Wn.2d at 217.

More aggressive exercises of prosecutorial authority have been upheld. For example, due process is not violated when a prosecutor carries out a threat made during plea bargaining to reindict a defendant on more serious charges if the defendant refuses to plead guilty to lesser charges. *Bordenkircher v. Hayes*, 434 U.S. 357, 358, 98 S. Ct. 663, 54 L. Ed. 2d 604 (1978). The Court noted the distinction between cases where the prosecutor's actions might *deter* a defendant from exercising a legal right, which did not necessarily violate due process, and cases where the prosecutor's action was in *retaliation* for exercising a right, which violates due process. *Id.* at 363. Similar to the situation in *Bordenkircher*, the State's policy in this case may deter a defendant from seeking to compel disclosure of a confidential informant's identity, but the policy is intended to protect that identity, not to retaliate for the exercise of the right to discovery nor, as explained, to give an advantage in a civil action.

We are persuaded that the prosecutor's conduct in this case did not offend due process. We find the trial court did not abuse its discretion in denying Moen's motion to dismiss.

## CONCLUSION

Moen has not demonstrated that the prosecutor's "no plea bargain" policy jeopardized any fundamental right as contemplated by CrR 8.3(b). We therefore affirm.

JOHNSON, IRELAND, BRIDGE, OWENS, and FAIRHURST, JJ., and APPELWICK, J. PRO TEM., concur.

SANDERS, J. (dissenting) — Although the prosecutor had no obligation to plea bargain with defendant Moen, he was obliged to refrain from conduct which would deprive Moen of his life, liberty, or property without due process of law. Pursuant to *MacDonald v. Musick*, 425 F.2d 373 (9th Cir. 1970), I conclude Moen's due process rights were violated, and dismissal of the criminal proceeding is mandated, where the prosecution penalizes the defendant for seeking legitimate discovery in a collateral civil forfeiture proceeding.

MacDonald, like Moen, was subject to a criminal prosecution: MacDonald for driving under the influence of alcohol, Moen for a drug offense. The prosecution in *MacDonald* offered to dismiss pending charges if MacDonald would stipulate there was probable cause for his arrest—apparently to avoid the prospect of a civil suit for damages. In Moen's case, the prosecution declined to enter into any kind of negotiation for a plea bargain because Moen had exercised his unquestioned legal right to obtain discovery of a confidential informant to aid defense against a civil forfeiture proceeding.

Although our majority claims the facts are materially different, I would posit the factual differences do not distinguish this proceeding from the due process principle illuminated in the *MacDonald* decision.

In both cases the prosecution utilized the criminal process to exact from the defendant the waiver of collateral legal rights. In *MacDonald* the exaction was for a stipulation of probable cause to arrest. In *Moen* the exaction was the waiver of the defendant's legal right to obtain critical discovery of an informant's identity to aid avoidance of a civil forfeiture. *State v. Moen*, 110 Wn. App. 125, 38 P.3d 1049 (2002).

While it is true that the prosecution had no absolute duty to enter into plea negotiations with defendant Moen, it is equally true that the prosecution in *MacDonald* had no absolute duty to dismiss the charges against MacDonald short of a trial.

It is no part of the proper duty of a prosecutor to use a criminal prosecution to forestall a civil proceeding by the defendant against policemen, even where the civil case arises from the events that are also the basis for the criminal charge. We do not mean that the prosecutor cannot present such a criminal charge. What he cannot do is condition a voluntary dismissal of a charge upon a stipulation by the defendant that is designed to forestall the latter's civil case. The situation is made no better by the fact that here the record indicates that it was the court that asked MacDonald whether he would stipulate. Rather, it makes it worse. It brings the court to the aid of the prosecutor in coercing the defendant into agreeing to what amounts to a forfeiture of his civil rights. Nor can the prosecutor, because of failure to obtain the demanded stipulation, then introduce another charge in the hope of defeating the possible civil action of the defendant.

*MacDonald*, 425 F.2d at 375.

The United States Court of Appeals for this circuit held in *MacDonald* that the attempt to exact the waiver of collateral legal rights to obtain advantage or leniency in a criminal prosecution violates due process. That is precisely the situation we have here. I cannot accept that the factual differences between these two cases are in the least material to the application of the constitutional principle previously articulated.

While it is certainly true the motivation of the government to discourage discovery of confidential informants is quite understandable, that is no legitimate reason to penalize the defendant for seeking that discovery when he is otherwise entitled to it as a matter of right in a civil proceeding. What occurred here is an abuse of the criminal process which was perverted by the prosecution to obtain an objective fully outside the legitimate scope of the criminal prosecution per se. Nor do I think it is a fair distinction to say in *MacDonald* a possible civil suit was avoided, whereas in *Moen* the identity of a prosecution witness, or asset, would have been compromised. In both cases, there is something of value to the defendant, and something of value to the State. And in both cases criminal process has

been inappropriately used by the government to advantage itself and disadvantage a defendant in a collateral context.

For the reasons explained in *MacDonald* the liberty or property of defendant Moen has been deprived absent due process, and the conviction should be reversed.

ALEXANDER, C.J., concurs with SANDERS, J.