[No. 40743-4-II.    Division Two.    January 24, 2012.]

THE STATE OF WASHINGTON, *Respondent*, v. NERISSA
SHELMIDINE, *Petitioner*.

*John F. Hayden*, for petitioner.

*Deborah S. Kelly, Prosecuting Attorney*, and *Brian P. Wendt, Deputy*, for respondent.

¶1 Penoyar, C.J. — Nerissa Shelmidine contests the trial court's denial of her motion to dismiss her delivery of a controlled substance (ecstasy) charge or, alternatively, for the withdrawal of counsel. She asserts that the State's plea offer, which was conditioned on her not seeking a confidential informant's identity, interfered with her right to effective assistance of counsel. We affirm.

## FACTS

¶2 On March 3, 2010, the State charged Shelmidine with one count of delivery of a controlled substance (ecstasy) with a school bus route stop enhancement.[1] The State alleged that Shelmidine had delivered the controlled substance to a confidential informant.

¶3 In cases involving confidential informants, the Clallam County prosecutor's office provides a plea offer at the lower end of the sentencing range. If the defendant does not

---

[1] In violation of RCW 69.50.401(1) and .435.

accept the offer and seeks the identity of the confidential informant, "the office policy is to withdraw the plea offer and proceed to trial." Clerk's Papers (CP) at 18. If the defendant seeks to proceed to trial, the State will disclose the confidential informant's identity in the course of discovery.

¶4 Consistent with this policy, the State offered to dismiss the school bus route stop enhancement and to recommend a low-end, standard range sentence in exchange for Shelmidine's guilty plea. The plea offer also provided that it would be "withdrawn if defendant seeks disclosure of identity of [confidential informant]." CP at 35.

¶5 In the course of discovery, Shelmidine's defense counsel requested the confidential informant's identity. The State informed defense counsel that if it provided the demanded discovery, it would deem the plea offer withdrawn. The State "otherwise provided full discovery" to Shelmidine's defense counsel, including a document entitled "history and background of confidential informant." CP at 4, 49. This document included the confidential informant's drug and alcohol use history and criminal history, and the terms of the contract between the Olympic Peninsula Narcotics Enforcement Team and the confidential informant. According to the State, defense counsel also obtained several police reports, a transcribed phone conversation between Shelmidine and the confidential informant, and laboratory reports analyzing the substances the confidential informant purchased from Shelmidine.

¶6 Shelmidine filed a motion to dismiss or, in the alternative, for the withdrawal of counsel, arguing that the "State's policy has interfered with [her] rights to due process of law and to counsel, as well as created a conflict of interest." CP at 29. The trial court denied Shelmidine's motion.

¶7 The trial court certified this case for discretionary review under RAP 2.3(b)(4).[2] We accepted review.

## ANALYSIS

¶8 Shelmidine argues that the trial court erred by denying her motion to dismiss or, in the alternative, for the withdrawal of counsel. Specifically, she contends that the conditional terms of the State's plea offer prevented defense counsel from providing effective assistance of counsel by placing defense counsel in an "untenable ethical position." Appellant's Br. at 7. We disagree.

¶9 We reverse a trial court's ruling on an attorney's motion to withdraw or a CrR 8.3(b) motion to dismiss if the ruling was manifestly unreasonable or based on untenable grounds. *See State v. Powell*, 126 Wn.2d 244, 258, 893 P.2d 615 (1995); *State v. Martinez*, 121 Wn. App. 21, 30, 86 P.3d 1210 (2004); *State v. Hegge*, 53 Wn. App. 345, 350, 766 P.2d 1127 (1989). A decision is manifestly unreasonable "if the court, despite applying the correct legal standard to the supported facts, adopts a view 'that no reasonable person would take.'" *State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003) (quoting *State v. Lewis*, 115 Wn.2d 294, 298, 797 P.2d 1141 (1990)).

¶10 A criminal defendant has a right to effective assistance of counsel at every critical stage of a criminal proceeding. U.S. CONST. amend. VI; WASH CONST. art. I, § 22; *United States v. Cronic*, 466 U.S. 648, 654, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970)); *State v. Robinson*, 153 Wn.2d 689, 694, 107 P.3d 90 (2005). In order to prove ineffective assistance of counsel, the defendant must show that (1) counsel's performance fell

---

[2] Under RAP 2.3(b)(4), we may grant discretionary review in the following circumstance: "The superior court has certified, or all the parties to the litigation have stipulated, that the order involves a controlling question of law as to which there is substantial ground for a difference of opinion and that immediate review of the order may materially advance the ultimate termination of the litigation."

below an objective standard of reasonableness and (2) counsel's performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). "Effective assistance of counsel includes assisting the defendant in making an informed decision as to whether to plead guilty or to proceed to trial." *State v. A.N.J.*, 168 Wn.2d 91, 111, 225 P.3d 956 (2010) (citing *State v. S.M.*, 100 Wn. App. 401, 413, 996 P.2d 1111 (2000)). "[A] defendant's counsel cannot properly evaluate the merits of a plea offer without evaluating the State's evidence." *A.N.J.*, 168 Wn.2d at 109.

■■ ¶11 "The presence of counsel during all stages of plea bargaining is mandated by the courts." *State v. Swindell*, 93 Wn.2d 192, 198, 607 P.2d 852 (1980). But "[a] defendant does not have a constitutional right to plea bargain." *State v. Wheeler*, 95 Wn.2d 799, 804, 631 P.2d 376 (1981) (citing *Weatherford v. Bursey*, 429 U.S. 545, 97 S. Ct. 837, 51 L. Ed. 2d 30 (1977)).

■ ¶12 Shelmidine argues that the terms of the State's offer prevented defense counsel from complying with his duty, under the Rules of Professional Conduct (RPCs) and *A.N.J.*, 168 Wn.2d 91, to competently represent her and reasonably evaluate the evidence against her. Shelmidine contends that it is unreasonable "to expect counsel to advise a client about the strength of the [S]tate's case or the wisdom of entering into a plea agreement when he has been denied information so basic as the name of the informant upon whose word the government is basing its case." Appellant's Br. at 12-13.

¶13 RPC 1.1 reads, "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." Under RPC 1.3, "[a] lawyer shall act with reasonable diligence and promptness in representing a client." Further, "[i]n a criminal case, the lawyer shall abide by the client's decision, after

consultation with the lawyer, as to a plea to be entered"; "[a] lawyer shall . . . promptly inform the client of any decision or circumstance with respect to which the client's informed consent . . . is required." RPC 1.2(a); RPC 1.4(a)(1).

¶14 In *A.N.J.*, the State offered the defendant a plea deal: if the defendant would plead guilty to one count of first degree child molestation, the State would recommend a special sex offender disposition alternative; and, if the defendant finished treatment, the charge would be reduced to second degree child molestation. 168 Wn.2d at 101. Defense counsel spent less than an hour with the defendant before the plea hearing, did no independent investigation, did not review the plea agreement carefully, and did not consult with experts. *A.N.J.*, 168 Wn.2d at 102. The defendant pleaded guilty but after hiring a new attorney, moved to withdraw his guilty plea. *A.N.J.*, 168 Wn.2d at 102. The trial court denied his motion. *A.N.J.*, 168 Wn.2d at 105. Our Supreme Court concluded that the defendant received ineffective assistance of counsel and held that "at the very least, counsel must reasonably evaluate the evidence against the accused and the likelihood of a conviction if the case proceeds to trial so that the defendant can make a meaningful decision as to whether or not to plead guilty." *A.N.J.*, 168 Wn.2d at 111-12.

¶15 The State contends that defense counsel could have provided "reasonable and competent advice regarding the plea offer." Resp't's Br. at 16. We agree. Defense counsel received extensive information about the State's case, apparently everything of significance, except the confidential informant's identity. According to the State, defense counsel obtained several police reports, a transcribed telephone conversation between Shelmidine and the confidential informant, and laboratory reports analyzing the substances the confidential informant purchased from Shelmidine. Defense counsel also received a document entitled "history and background of confidential informant." CP at 49. This document included the confidential informant's drug and

alcohol use history, and criminal history and the terms of the contract between the Olympic Peninsula Narcotics Enforcement Team and the confidential informant.[3] Further, defense counsel could have interviewed the investigative officers and the known eyewitness to the alleged transaction. Finally, defense counsel could have informed Shelmidine of the specific terms of the State's plea offer. We conclude that with this evidence, defense counsel could competently and diligently represent Shelmidine in compliance with the RPCs. Further, there was sufficient evidence for defense counsel to reasonably evaluate the evidence against Shelmidine and effectively assist her in making an informed decision as to whether to plead guilty or go to trial.[4]

¶16 Shelmidine also asserts that disclosure of the confidential informant's identity is necessary to prevent defense counsel from "representing parties with conflicting interests." Appellant's Br. at 13. Shelmidine's argument is entirely speculative, as she presents no RPC provision that her counsel could even hypothetically run afoul of where, as here, counsel not only does not know the confidential informant's identity but has requested and even sought a court order to obtain that information. Accordingly, it is difficult to follow how defense counsel could violate the RPCs by failing to identify a conflict in this circumstance.

¶17 Furthermore, the law does not require the State to disclose the confidential informant's identity. In *State v. Moen*, 150 Wn.2d 221, 225, 76 P.3d 721 (2003), the defendant argued that "the State's policy of refusing to plea bargain with a criminal defendant who successfully com-

---

[3] Even if Shelmidine had received no information about the informant, the result would be the same. The missing information is simply part of what defense counsel may discuss with the client as they consider the State's offer.

[4] We note the difficulty in formulating a bright line rule for when counsel has insufficient information to provide competent advice in the plea bargaining process. While we can determine that there was sufficient information here and insufficient information in *A.N.J.*, future cases will have to be evaluated on a case-by-case basis.

pels disclosure of the State's confidential informant in a civil forfeiture action chills his right to obtain discovery in the civil case and thus violates due process." Our Supreme Court held that the policy did not violate the defendant's due process rights. *Moen*, 150 Wn.2d at 231.

¶18 In reaching its conclusion, the court recognized the contractual nature of plea bargains, reasoning that "[a] plea bargain is a contract, and both sides to the agreement must perceive an advantage to entering the bargain." *Moen*, 150 Wn.2d at 230 (citation omitted). Further, the court noted the legitimate state interest in protecting the confidential informant's identity. *Moen*, 150 Wn.2d at 230 (citing *State v. Casal*, 103 Wn.2d 812, 815, 699 P.2d 1234 (1985)). "When the State is compelled to disclose an informant's identity, it loses a valuable asset or tool of law enforcement. Under the policy, the State gains protection of its informants and, in exchange, the defendant receives the opportunity to bargain for a reduction or dismissal of charges." *Moen*, 150 Wn.2d at 230.

> We recognize that the prosecutor's policy requires the defendant to forgo his right to request disclosure of an informant's identity. However, a condition insisted on by the State that requires a defendant to give up a constitutional right does not, by itself, violate due process. "Agreements to forgo seeking an exceptional sentence, to decline prosecuting all offenses, to pay restitution on uncharged crimes, and to waive the right to appeal are all permissible components of valid plea agreements." *State v. Lee*, 132 Wn.2d 498, 506, 939 P.2d 1223 (1997); *see State v. Perkins*, 108 Wn.2d 212, 737 P.2d 250 (1987). The theoretical basis for all plea bargaining is that defendants will agree to waive their constitutional rights.

*Moen*, 150 Wn.2d at 230-31.

¶19 Shelmidine argues that *Moen* is inapplicable here because (1) it "did not deal with any of the ethical issues" and (2) it does not address any of the issues *A.N.J.* raised. Appellant's Br. at 15. As we discussed above, the State's plea offer did not force defense counsel to act unethically.

Furthermore, the plea offer did not preclude defense counsel from reasonably evaluating the evidence against Shelmidine and the likelihood of a conviction if the case proceeded to trial.

¶20 Rather, the *Moen* court's reasoning supports the conclusion that the State's plea offer was proper. First, a plea bargain is a contract, and the terms of the offer at issue present advantages to both parties: Shelmidine would have received the benefit of a lenient sentence and, in exchange, the State would have received the benefit of protecting its informant's identity. Also, while the offer required Shelmidine to waive her right to request disclosure of the informant's identity, waivers are necessary components of plea agreements. *See Moen*, 150 Wn.2d at 230-31.

¶21 Because the State's plea offer did not preclude Shelmidine's defense counsel from providing effective assistance of counsel, the trial court properly denied defense counsel's motion to withdraw. Further, because the law does not require the State to disclose the confidential informant's identity before Shelmidine decided whether to accept the plea offer, the trial court correctly denied Shelmidine's motion to dismiss.

¶22 We affirm.

VAN DEREN and WORSWICK, JJ., concur.

Review denied at 174 Wn.2d 1006 (2012).