# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, <br><br> Respondent, <br><br> v. <br><br> ERVIN ALEXANDER COX, <br><br> Appellant. | No. 70927-5-I <br><br> DIVISION ONE <br><br> UNPUBLISHED OPINION <br><br> FILED: March 9, 2015 |

LEACH, J. — Ervin Cox appeals the trial court's decision denying his motion to withdraw an Alford[1] plea to two counts of child molestation in the second degree. He claims that ineffective assistance of counsel caused him to accept the plea offer and that the trial court abused its discretion by denying him an evidentiary hearing on the issue. He specifically identifies his counsel's failure to interview accusing witnesses before advising him about the offer and challenges the State's policy of withdrawing plea offers to defendants who do so in sexual assault cases. We conclude that Cox's counsel acted reasonably when he failed to interview those witnesses in light of the State's policy because defense counsel had adequate information to evaluate the State's case and had sufficient contact with Cox. Thus, Cox's counsel provided him effective assistance, and the trial court did not err in denying Cox's motion to withdraw his

---

[1] North Carolina v. Alford, 400 U.S. 25, 37-38, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

Alford plea. Because the record before the trial court provided it with sufficient information to resolve Cox's motion, the trial court acted within its discretion when it denied Cox's request for an evidentiary hearing. We affirm.

## Background

In November 2012, adults A.L. and S.D. accused Ervin Cox of sexual molestation when they were minors. Cox's wife is A.L.'s mother and S.D.'s grandmother.

A.L. reported that the contact happened once between 2006 and 2007. On July 2, 2009, Cox reported to police that A.L., then 15 years old, had run away from home. Police contacted A.L., and she reported that when she was 12 she woke up one night and Cox was in bed next to her and had his hand down her pants. She asked what he was doing, and Cox responded that he thought she was his wife. A.L. told her mother, who did not believe her. When they returned A.L. home, the police told A.L.'s mother about the allegation, who yelled at the officer, "She's lying!"

A.L. ran away again five days later. When police contacted her, she again reported the sexual abuse. Police returned her home, and she became violent and asked, "What else am I supposed to do? It's either this, or what? I start cutting myself? I'm so depressed and I can't do anything about it!" Cox told the detective that A.L. fabricated the story. When A.L. failed to appear for an interview, the State did not file charges against Cox.

On October 23, 2012, police learned that S.D. reported to his high school counselor that Cox had sexually molested him on several occasions when he was 13 to 14 years old. S.D. sobbed during the interview with the detective. He reported that the abuse included Cox performing oral sex on and masturbating S.D., attempting anal penetration, and having S.D. masturbate Cox. S.D. first told his roommate and cousin, and each witness reported that he was distraught and crying when he recounted the abuse.

Interviewed again by the police, A.L. repeated her earlier allegations, described that she and her cousin slept in the same bed as Cox, and she woke up to find Cox rubbing her vagina under her underpants.

Cox confirmed that he had slept next to A.L. in the same bed as her cousin but denied all allegations of sexual abuse. Cox's wife reported to the police that she did not believe A.L. or S.D. The State charged Cox with two counts of child molestation in the second degree.

The State made a written plea offer to Cox, offering a standard range 36-month recommended sentence in exchange for the defendant pleading guilty as charged. The State informed his counsel that if he did not accept the offer, it would add charges that could result in minimum sentence of 210-280 months and a maximum of life. Pursuant to an office policy, if defense counsel interviewed witnesses in a sexual assault case, the State would not engage in plea negotiations. The State told defense counsel that S.D. was a compelling witness.

Cox and the State entered into an <u>Alford</u> plea agreement, where Cox denied guilt but agreed that the State had substantial evidence upon which a trier of fact could find guilt. On April 30, 2013, the court questioned Cox about his understanding of the plea and accepted the plea agreement.

Cox sent a letter to the judge the next day, asking to withdraw his plea because he felt threatened and confused. He filed several pro se motions attempting to withdraw the plea. The trial court allowed Cox's attorney to withdraw and appointed a second attorney to assist Cox in filing a formal request to withdraw his plea. Cox's newly appointed defense counsel filed a motion to withdraw the plea based on previous defense counsel's ineffective assistance.

Cox supported the motion with his declaration, in which he claimed his previous counsel failed to investigate, did not interview witnesses, did not spend adequate time with Cox, and did not obtain computers that Cox claimed contained exculpatory evidence. Cox recalled only one "Professional Visit" from counsel, as well as a brief meeting before a court hearing and a video conference on another occasion to discuss the plea. Cox stated that although defense counsel read the plea agreement to Cox and discussed the allegations against Cox with him, he coerced Cox by telling Cox that he was going to get convicted and that Cox faced an inordinate amount of time in prison. Defense counsel did not interview A.L. or S.D.

The trial court denied both Cox's motion to withdraw his guilty plea and his request for an evidentiary hearing on the motion. The parties agreed previous

counsel had not interviewed accusing witnesses A.L. and S.D. Given the State's policy of withdrawing a plea offer if a defendant interviews witnesses, the trial court deemed this reasonable. The trial court found that the computers contained incriminating rather than exculpatory evidence. The trial court determined that Cox did not receive ineffective assistance of counsel and denied the motion. Cox appeals.

Analysis

Cox first argues that he received ineffective assistance of counsel because his trial attorney failed to adequately investigate his case and this caused him to agree to an ill-advised Alford plea. As a result, Cox claims that the trial court improperly denied his motion to withdraw his plea. Though generally we review a trial court's denial of a defendant's motion to withdraw a guilty plea for abuse of discretion, because Cox rests his challenge on an ineffective assistance of counsel claim, we review de novo.[2]

The federal and state constitutions guarantee criminal defendants reasonably effective assistance of counsel at every critical stage of a criminal proceeding.[3] Effective assistance requires that defense counsel assist a defendant in making an informed decision about whether to plead guilty or go to trial.[4] A defendant must voluntarily enter into a guilty plea and "must make

[2] See State v. A.N.J., 168 Wn.2d 91, 109, 225 P.3d 956 (2010).
[3] U.S. CONST. amend. VI; WASH. CONST. art. I, § 22; Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); State v. Heddrick, 166 Wn.2d 898, 909, 215 P.3d 201 (2009).
[4] A.N.J., 168 Wn.2d at 111.

related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences.'"[5]  We strongly presume counsel effectively represented a defendant.[6]  To prove counsel provided ineffective assistance, a defendant must show

> "(1) defense counsel's representation was deficient, i.e., it fell below an objective standard of reasonableness based on consideration of all the circumstances; and (2) defense counsel's deficient representation prejudiced the defendant, i.e., there is a reasonable probability that, except for counsel's unprofessional errors, the result of the proceeding would have been different."[7]

Failure to show either defeats the claim.[8]  A defendant shows deficient performance by pointing to absence of legitimate strategic or tactical reasons in the record supporting counsel's challenged conduct.[9]

To allow a defendant to make a meaningful decision about a plea, at minimum counsel must reasonably evaluate the State's evidence and the likelihood of the defendant's conviction at a trial.[10]  "[T]he failure to investigate, at least when coupled with other defects, can amount to ineffective assistance of counsel."[11]  The issues and facts of each case dictate the degree and extent of

---

[5] United States v. Ruiz, 536 U.S. 622, 628, 122 S. Ct. 2450, 153 L. Ed. 2d 586 (2002) (alterations in original) (quoting Brady v. United States, 397 U.S. 742, 748, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970)).

[6] State v. Emery, 174 Wn.2d 741, 755, 278 P.3d 653 (2012).

[7] State v. Brousseau, 172 Wn.2d 331, 352, 259 P.3d 209 (2011) (quoting State v. McFarland, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995)).

[8] Emery, 174 Wn.2d at 755.

[9] Emery, 174 Wn.2d at 755 (quoting McFarland, 127 Wn.2d at 336).

[10] A.N.J., 168 Wn.2d at 111-12.

[11] A.N.J., 168 Wn.2d at 110.

investigation required by counsel under the Sixth Amendment and article 22.[12]

As the Supreme Court of the United States has noted,

> [W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea.[13]

Cox argues that the prosecution's policy of prohibiting the defense's interview of complaining witnesses to obtain a favorable plea bargain resulted in defense counsel's inability to properly advise his client about the risks of trial. Cox argues that the State devised a situation that "prohibits effective assistance of counsel in a case where the only evidence is the accuser's accusation and counsel is not permitted to speak to the accuser before advising his client on whether to plead guilty."

The State defends its policy. An ineffective assistance of counsel claim must be based on defense counsel's ineffective assistance; third parties cannot deprive a defendant of effective assistance of counsel.[14] The Supreme Court has held that prosecutors may condition a plea agreement on defendant's waiver of the right to receive impeachment discovery materials, concluding,

> [T]he Constitution does not require the prosecutor to share all useful information with the defendant. . . . [T]he law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would

---

[12] A.N.J., 168 Wn.2d at 111.
[13] Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985).
[14] State v. Greiff, 141 Wn.2d 910, 925, 10 P.3d 390 (2000).

likely apply in general in the circumstances—even though the defendant may not know the specific detailed consequences of invoking it.[15]

In State v. Moen,[16] the Washington Supreme Court considered a state policy of refusing to plea bargain with any defendant who demanded the identity of a confidential informant. The court held that this policy did not violate due process because the State had a legitimate reason for protecting that information. The court noted the U.S. Supreme Court's distinction between a prosecutor's policy that might deter a defendant from exercising a legal right and a prosecutor's action taken in retaliation for exercising a right.[17] Where the State's plea bargain policy deters a defendant from exercising a constitutional right but does not retaliate against the defendant for doing so, it does not violate due process.[18]

In State v. Shelmidine,[19] Division Two of this court concluded that where a plea offer did not preclude defense counsel from reasonably evaluating the State's evidence and each party received some benefit from the plea, a policy to withdraw a plea offer if a defendant seeks the identity of a confidential informant does not infringe on a defendant's right to effective assistance of counsel. The defendant receives the benefit of a more lenient sentence, and the State receives the benefit of protecting a confidential informant.[20]

---

[15] Ruiz, 536 U.S. at 628 (citation omitted).

[16] 150 Wn.2d 221, 231, 76 P.3d 721 (2003).

[17] Moen, 150 Wn.2d at 231 (citing Bordenkircher v. Hayes, 434 U.S. 357, 363, 98 S. Ct. 663, 54 L. Ed. 2d 604 (1978)).

[18] Moen, 150 Wn.2d at 231.

[19] 166 Wn. App. 107, 115-16, 269 P.3d 362 (2012).

[20] Shelmidine, 166 Wn. App. at 115-16.

Cox attempts to distinguish Shelmidine. He contends that the State gave Shelmidine's counsel all important information except the confidential informant's identity and thus counsel had sufficient information to provide effective assistance.[21] But Cox wrongly assumes that interviews with the accusing witnesses provided the only avenue for Cox's counsel to evaluate the evidence in the State's case. The record shows that Cox and his counsel reviewed the State's discovery. And Cox's position as A.L.'s and S.D.'s stepfather and step-grandfather, respectively, and his history of videotaping them placed him in a unique position to know them well and share with his counsel information that could help counsel evaluate the accusing witnesses. Indeed, the record shows he was very active in his own defense. While the State's policy may have the effect of limiting defense counsel's ability to pursue one aspect of investigation, the policy did not prevent Cox's counsel from gathering ample information about the State's case or the accusing witnesses.[22]

Moreover, the State in this case explained it adopted its policy not to plea bargain with a defendant who interviews an accusing witness in a sexual assault case to protect witnesses alleging such crimes—a legitimate state interest. And

---

[21] See Shelmidine, 166 Wn. App. at 113-14.

[22] Cox compares the policy to one a district court found unconstitutional in Wilbur v. City of Mount Vernon, 989 F. Supp. 2d 1122 (W.D. Wash. 2013). But in that case, a systemic overburdening of public defenders resulted in counsels' failure to meet the client in a confidential setting and an inability to understand their clients' goals or whether defenses or mitigating circumstances required investigation. Wilbur, 989 F. Supp. 2d at 1131-32. Where the record shows Cox's counsel had knowledge of Cox's case and met with him at least three times in private settings, Cox's analogy to Wilbur is misplaced.

in entering into the plea agreement, Cox received the benefit of a significantly lighter sentence, and the State received the benefit of protecting its accusing witnesses. The State's policy does not violate due process under the circumstances of this case.

Cox acknowledges that counsel was not constitutionally obligated to interview his accusing witnesses but cites to several cases emphasizing the value of doing this. Cox likens his case to State v. A.N.J.[23] In that case, counsel failed to reach witnesses who could have undermined the accusing witness's story and never followed up with an interview.[24] The Washington Supreme Court found counsel's assistance ineffective where defendant's counsel also did not make requests for discovery, failed to file motions, only spent 5 to 10 minutes with the minor defendant and his parents at pretrial conference, misinformed A.N.J. of the consequences of his plea, and failed to adequately inform A.N.J. of the charges against him.[25] Interviews do permit counsel to evaluate how a witness will present at trial.[26] And defense counsel's failure to pursue available corroborating evidence with adequate pretrial investigation may constitute constitutionally deficient performance in some cases.[27] A defendant "must show a reasonable likelihood that the investigation would have produced useful information not already known to defendant's trial counsel."[28] And in evaluating

---

[23] 168 Wn.2d 91, 225 P.3d 956 (2010).
[24] A.N.J., 168 Wn.2d at 100-01.
[25] A.N.J., 168 Wn.2d at 100-02, 120.
[26] Lord v. Wood, 184 F.3d 1083, 1095 (9th Cir. 1999).
[27] In re Pers. Restraint of Davis, 152 Wn.2d 647, 739, 101 P.3d 1 (2004).
[28] Davis, 152 Wn.2d at 739.

prejudice to the defendant, "'ineffective assistance claims based on a duty to investigate must be considered in light of the strength of the government's case.'"[29]

The record reveals that Cox's counsel provided him effective assistance. Cox asserts that the defense counsel rarely met with Cox, failed to investigate, and failed to conduct interviews with witnesses or victims, thus failing to assess the State's case. He further finds fault with counsel's failure to investigate Cox's claims that A.L. and S.D. lied about the sexual abuse because they wanted to kick him out of his home and take his job. But defense counsel had knowledge of facts in the record and the State's affidavit of probable cause. Counsel knew that Cox had admitted to sleeping in the same bed as A.L. and that A.L. had given consistent versions of the events to detectives on two occasions more than three years apart. Counsel also knew that S.D. had cried when he told his roommate and cousin of the abuse. S.D. also sobbed during the detective's interview when providing details of the abuse. This information, combined with the State's well-known and stated policy to withhold plea agreements when defense counsel interviews accusing sexual assault witnesses, could reasonably have allowed counsel to conclude that interviews with A.L. and S.D. were unnecessary to evaluate the case and advise Cox in a decision to take the plea or go to trial.

---

[29] Davis, 152 Wn.2d at 739 (internal quotation marks omitted) (quoting Rios v. Rocha, 299 F.3d 796, 808-09 (9th Cir. 2002)).

In his affidavit, Cox reported that the investigation he advocated for and that defense counsel failed to conduct would have unearthed exculpatory evidence on his home computers. But his declaration about computers and evidence reveals that the computers contain videos recorded by Cox of A.L. and S.D. engaging in separate sexual encounters. While Cox claims that this gave them motive to lie, counsel could have reasonably concluded that the evidence Cox claimed to be valuable was incriminating and thus did not warrant further investigation by counsel.

We agree with the trial court that defense counsel's decision not to interview clients was "perfectly reasonable" given the State's policy and that the evidence on the computers "is not evidence which in any way, shape or form is exculpatory to Mr. Cox." Thus, we conclude that Cox fails to show how his counsel acted unreasonably or how counsel's failure to interview accusing witnesses or investigate prejudiced Cox. Cox has not identified nor does the record reveal evidence that additional investigation would likely have led counsel to discover information that would have changed counsel's recommendation to Cox. The record reveals that defense counsel reasonably evaluated the evidence against Cox and the likelihood of his conviction, enabling him to readily assist Cox in making a meaningful decision about pleading guilty.

A court allows withdrawal of a guilty plea if "'necessary to correct a manifest injustice,'"[30] and a defendant may establish manifest injustice by

---

[30] A.N.J., 168 Wn.2d at 106 (quoting CrR 4.2(f)).

showing ineffective assistance of counsel. Because Cox does not show ineffective assistance of counsel or manifest injustice, the court properly denied his motion to withdraw his guilty plea.

Cox also challenges the trial court's denial of his motion for an evidentiary hearing. We review a trial court's ruling on a motion for abuse of discretion.[31] Where an existing record adequately informs the court about a claim for ineffective assistance of counsel, a trial court need not hold an evidentiary hearing to resolve the issue.[32]

Cox argues that the trial court's failure to conduct an evidentiary hearing resulted in a ruling that it is never unreasonable for an attorney to fail to investigate and advise a client to plead guilty. But Cox mischaracterizes the trial court's ruling. The trial court found that in this case, based on the evidence in the record, Cox's counsel reasonably chose not to interview accusing witnesses or investigate information Cox requested. The record showed that counsel possessed sufficient information to evaluate the State's case and that there was no likelihood that further investigation would have changed his advice. Because the record contains sufficient information to evaluate Cox's ineffective assistance of counsel claim, the trial court properly acted within its discretion when it denied Cox's motion to hold an evidentiary hearing.

---

[31] Woodruff v. Spence, 76 Wn. App. 207, 210, 883 P.2d 936 (1994).
[32] State v. Garcia, 57 Wn. App. 927, 935, 791 P.2d 244 (1990).

## Conclusion

Because defense counsel had adequate information to evaluate the State's case, met with Cox several times, and the State had a policy against offering plea agreements to defendants who interview accusing witnesses in sexual assault cases, Cox's counsel acted reasonably when he failed to interview those witnesses. We thus hold that Cox's counsel provided him effective assistance when advising him to accept the State's plea agreement and that the trial court did not err in denying Cox's motion to withdraw his Alford plea. Because the record before the trial court adequately informed the court about Cox's ineffective assistance of counsel claim and the trial court based its findings on that record, we conclude that it properly denied Cox's motion to hold an evidentiary hearing. We affirm.

Leach, J.

WE CONCUR:

Spearman, C.J.

Schindler, J.

-14-