IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| In the Matter of the Personal Restraint Petition of: | No. 53905-5-II |
| --- | --- |
| ERIC KERMIT JACOBSON, | UNPUBLISHED OPINION |
| Petitioner. | |

WORSWICK, J. — Eric Jacobson seeks relief from personal restraint following his 2016 convictions and sentence for attempted first degree child rape and attempted commercial sexual abuse of a minor. Jacobson argues that his trial counsel rendered ineffective assistance by failing to disclose or discuss plea offers from the State and failing to inform Jacobson that he faced a maximum life sentence and mandatory lifetime supervision if he was found guilty. We previously remanded Jacobson's petition to the trial court for an evidentiary hearing. The trial court held a hearing and entered findings of fact. We hold that Jacobson fails to demonstrate that he is entitled to relief and deny his petition.

FACTS

In 2015, an undercover investigation caught Jacobson attempting to arrange a sexual encounter with an 11 year old girl. The State charged Jacobson with attempted first degree child rape and attempted commercial sexual abuse of a minor. The standard sentence ranges for those crimes were 90-120 months to life and 27-36 months, respectively. Jacobson proceeded to trial,

and a jury found Jacobson guilty as charged. The trial court sentenced Jacobson to 85 months to life on the attempted first degree child rape conviction and 20.25 months on the attempted commercial sexual abuse of a minor conviction, to run concurrently. Jacobson appealed, and we affirmed his convictions and sentence in 2018. *State v. Jacobson*, No. 49887-1-II (Wash. Ct. App. May 15, 2018) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2049887-1-II%20Unpublished%20Opinion.pdf.

In August 2019 Jacobson filed a personal restraint petition arguing that he was entitled to a new trial based on ineffective assistance of counsel. Jacobson argued that his trial counsel never communicated to him that in July 2016 the State offered him a plea deal with reduced charges and a joint sentencing recommendation of 80 months of confinement. He also argued that his trial counsel never informed him that he faced a potential life sentence if he went to trial and was convicted. We ordered the trial court to conduct an evidentiary hearing on Jacobson's claims.

At the evidentiary hearing, Travis Currie—Jacobson's trial counsel—and Jacobson testified. The trial court found that Currie has been defending persons charged with felonies since 2002 and is experienced in "Net Nanny" cases including cases involving Class A felony sex offenses that carry a statutory maximum of life in prison and an "indeterminate" or "determinate-plus" standard range of a minimum term "to life" in prison. Clerk's Papers (CP) at 2. The trial court also found that Currie's regular practice is to communicate every offer he receives from the State to every defendant he represents. The trial court found that whenever Currie represents a person charged with a Class A felony sex offense, he informs the defendant that the statutory maximum term is life in prison and a conviction would carry an

"indeterminate" or "determine-plus" sentence that could mean the defendant might never be released from prison. CP at 3.

Currie recalled having a conversation with Jacobson before his trial during which Jacobson maintained his innocence and stated he would not plead guilty, but Currie could not specifically recall a conversation about the State's plea offer. In July 2016, the State communicated a plea offer to Currie including a reduction to determinate sentences. Currie did not have notes specifically referencing discussing the offer with Jacobson, but Currie was confident that he did communicate the offer to his client based on his established habit and practice of communicating offers. Currie testified that he would have recommended Jacobson accept the State's offer based on the totality of the circumstances of the case.

The trial court found that Currie not making a counteroffer or communicating to the State that the offer was accepted was evidence of Jacobson's rejection of the offer as opposed to evidence that Currie failed to convey the offer to Jacobson. The trial court found it "a virtual [certainty] that Mr. Currie followed his normal practice and communicated the State's July 2016 offer, despite his understandable lack of specific memory of that." CP at 5.

The trial court found Currie to be a credible witness in the entirety of his testimony.

Jacobson testified at the evidentiary hearing that Currie never told him about any plea offer from the State. Jacobson denied that Currie ever came to the jail to talk to him, denied that Currie called him, and claimed that he did not know about the State's offer until his sentencing hearing following trial. Jacobson also said that he met Currie 10 or 11 times before trial. The trial court found Jacobson's denials unreasonable given the number of times Currie and Jacobson met prior to trial. Jacobson testified that Currie told him he faced 8 to 10 years in prison and

3

never told him about the maximum sentence being life in prison, the lifetime community custody he faced, or anything about the Indeterminate Sentence Review Board. The trial court found these denials to be unreasonable "based on familiarity with Mr. Currie, based on the charges involved here, [and] based on the lack of expressed surprise by defendant when the standard range and statutory maximum were mentioned on the first day of trial." CP at 6.

The trial court found Jacobson to be a not credible witness in the entirety of his testimony, and specifically rejected Jacobson's claim that he never knew about the State's July 2016 offer.

On the central issue, the trial court found that Currie did communicate the plea offer to Jacobson and found that Currie informed Jacobson about the statutory maximum and the potential for an indeterminate sentence of up to life before trial.

ANALYSIS

"Relief by way of a collateral challenge to a conviction is extraordinary, and the petitioner must meet a high standard before this court will disturb an otherwise settled judgment." *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 132, 267 P.3d 324 (2011). To be entitled to relief on a personal restraint petition, a petitioner must show (1) actual and substantial prejudice by a constitutional error, or (2) "a fundamental defect of a nonconstitutional nature that inherently resulted in a complete miscarriage of justice." *In re Pers. Restraint of Finstad*, 177 Wn.2d 501, 506, 301 P.3d 450 (2013). A petitioner claiming ineffective assistance of trial counsel necessarily establishes actual and substantial prejudice if he meets the standard of prejudice applicable on direct appeal: that but for counsel's deficient performance there is a

4

reasonable probability the outcome would have been different. *In re Pers. Restraint of Lui*, 188 Wn.2d 525, 538, 397 P.3d 90 (2017).

There is no constitutional right to a plea deal. *State v. Moen*, 150 Wn.2d 221, 226-227, 76 P.3d 721 (2003). However, when plea negotiations occur, a defendant has a constitutional right to effective assistance of counsel. *State v. James*, 48 Wn. App. 353, 362, 739 P.2d 1161 (1987). Counsel must discuss the State's offers and help the defendant make an informed decision on whether to take a plea deal, such as strengths and weaknesses in the case if it proceeds to trial. *James*, 48 Wn. App. at 362. This includes adequate investigation into the case facts and likelihood of conviction. *State v. Edwards*, 171 Wn. App. 379, 394, 294 P.3d 708 (2012).

When reviewing a claim of failure to advise a defendant about a plea deal, we consider "whether defense counsel communicated the offers to the defendant and whether the defendant has demonstrated a reasonable probability that the defendant would have accepted the offer." *Edwards*, 171 Wn. App. at 394. If a defendant's right to effective assistance of counsel in considering whether to accept a plea bargain is denied, prejudice can be shown if loss of the plea opportunity led to a trial resulting in conviction on more serious charges or on the imposition of a more severe sentence. *Lafler v. Cooper*, 566 U.S. 156, 132 S. Ct. 1376, 1387, 182 L.Ed. 2d 398 (2012).

Jacobson contends that his trial counsel never communicated the State's July 2016 plea offer to him. To support his claim, Jacobson points to Currie's inability to recall any specific conversation about the offer and to Jacobson's own insistence that he was never informed. But at the evidentiary hearing, the trial court found Jacobson to be a not credible witness "in the

5

entirety of his testimony," and specifically rejected Jacobson's claim that he never knew about the State's July 2016 offer. CP at 7. Additionally, the trial court found Currie to be a credible witness and found it "a virtual [certainty] that Mr. Currie followed his normal practice and communicated the State's July 2016 offer, despite his understandable lack of specific memory of that." CP at 5.

Jacobson does not assign error to any of the trial court's findings of fact. As such, the trial court's findings of fact are verities on appeal. *State v. Stewart*, 12 Wn. App. 2d 236, 240, 457 P.3d 1213 (2020). Moreover, even if we considered Jacobson to have sufficiently assigned error to the trial court's findings, which he has not, we would hold that sufficient evidence supports the trial court's findings. Currie testified that in his decades of experience with these types of cases, he has never failed to communicate a pretrial offer to a client. On the other hand, the only evidence suggesting Currie deviated from his regular practice of communicating plea offers to his clients is Jacobson's self-serving testimony, which the trial court found not credible in its entirety. We do not review credibility determinations. *State v. Cardenas-Flores*, 189 Wn.2d 243, 266, 401 P.3d 19 (2017). Accordingly, Jacobson fails to show that his trial counsel rendered ineffective assistance by failing to communicate the State's July 2016 plea offer.

Jacobson's claim that his trial counsel failed to adequately warn him that he faced a potential life sentence suffers a similar fate. The trial court found that Jacobson's trial counsel informed him of the statutory maximum and the potential of an indeterminate sentence of up to life on the charges before trial. The trial court specifically found Jacobson's contention that his trial counsel told him only that he faced "8 to 10 years" unreasonable based on the court's familiarity with Currie, the charges involved, and the lack of expressed surprise by Jacobson

6

when the standard range and statutory maximum were mentioned on the first day of trial. CP at 6. Jacobson fails to assign error to any of these findings, and therefore they are verities on appeal. *Stewart*, 12 Wn. App. 2d at 240. Accordingly, Jacobson fails to show that his trial counsel rendered ineffective assistance by failing to inform him that he faced a maximum sentence of life.

In his initial petition, Jacobson also argues that the cumulative effect of his trial counsel's multiple errors entitles him to a new trial. Having determined that Jacobson fails to show any deficient performance by his trial counsel, we also hold that Jacobson fails to show that cumulative error entitles him to a new trial.

We deny Jacobson's petition for relief.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Maxa, J.

_____
Glasgow, C.J.